**AMICUS, INC., Plaintiff,**

v.

**Frank L. ALOSI, Defendant.**

**No. C–88–3007–FMS.**

United States District Court,
N.D. California.

April 25, 1989.

Roger L. Cook, Townsend & Townsend, San Francisco, Cal., Sidney David, Lerner, David, Lottenbert, Krumholz & Mentlik, Westfield, New Jersey, for plaintiffs.

Gerald C. Smith, Stephen M. Judson, Fitzgerald, Abbott & Beardsley, Oakland, Cal., for defendants.

FERN M. SMITH, District Judge.

This matter came on by defendant's motion for summary judgment on the issue of whether he can be held liable for the infringement of a patent by CEC Systems, Inc., a corporation of which he is the president and sole shareholder.

This Court has fully considered the submissions of the parties, and has heard oral argument. For the reasons stated herein, this Court DENIES defendant's motion for summary judgment.

## I. *Factual Background*

Amicus, Inc. (Amicus) is a Delaware corporation having its principal place of business in Wilmington, Delaware. CEC Systems, Inc. (CEC Systems) is a California corporation, having its principal place of business in Martinez, California. Frank L. Alosi (Alosi) was president and sole shareholder of CEC Systems, and was responsible for the day-to-day operations of the corporation during the entire time CEC Systems was in existence.

Amicus owns United States Patent No. 3,646,748 (the Lang patent), which covers post-tensioning tendons used in stressing concrete, and a process utilized in producing such tendons. The Lang patent has been extensively litigated in various federal district courts. CEC Systems was granted a non-exclusive license under the Lang Patent in March of 1982, which required payment of royalties to Amicus in the amount of $.0175 per square foot for tendons produced.

In Spring of 1985, Alosi was approached by representatives of Pattridge Post-Tension, Inc. (Pattridge), regarding the possibility of using a new process (the Pattridge Process) for producing post-tensioning tendons. Alosi had several discussions with representatives of Pattridge, including patent counsel for Pattridge. Alosi was advised that a patent was pending on the Pattridge Process, and that the United States District Court for the Western District of Louisiana had upheld the validity of the Pattridge Process and ruled that it did not infringe the Lang patent in *Lang and Fields v. Pattridge Post–Tension, Inc.,* 288 U.S.P.Q. 256 (W.D.La 1984). Counsel for Pattridge informed Alosi that the Pattridge Process did not infringe on the Lang patent, and CEC Systems then entered into a licensing agreement with Pattridge. In November of 1985, Amicus brought an action in the Northern District of California (Civil Action No. C85–8534–TEH) alleging that CEC Systems, in utilizing the Pattridge Process, had infringed the Lang patent. Amicus requested damages for the resulting underpayment of royalties due under the Lang license. Amicus also filed similar actions against all other licensees of the Pattridge Process in other federal district courts across the country.

The parties in all the lawsuits agreed that they would be bound by the resolution of the common issues in the companion case of *Amicus, Inc. v. American Cable, Inc.,* Civil Action No. 82–4055, which was pending in the United States District Court for the Eastern District of Louisiana.

The court in *Amicus, Inc. v. American Cable, Inc.,* found that the licensee, American Cable, Inc., had infringed the Lang patent by employing the Pattridge Process. The court reasoned that the Pattridge Process implemented at American Cable, Inc. had been so changed from the process and product at issue and held not to infringe in *Lang and Fields v. Pattridge Post–Tension, Inc., supra,* 288 U.S.P.Q. 256, that the doctrine of collateral estoppel did not apply, and the court was therefore not bound by the *Lang and Fields* resolution.

On June 7, 1988, the District Court for the Northern District of California entered a final judgment and order in which it held that the Lang patent had been infringed by CEC Systems' use of the Pattridge Process, and Amicus was awarded $143,125 in damages. (*Amicus, Inc. v. CEC Systems, Inc.,* Civil Action No. C85–8534–TEH). CEC Systems has been unable to pay the

$143,125 due to financial difficulties, and now Amicus has brought this action against Alosi, alleging that, as president and sole shareholder of the corporation, he is liable for the infringement of the Lang patent under 35 U.S.C. Section 271(b), since he actively induced CEC Systems to use the Pattridge Process.

## II. *Analysis*

### A. Standard for Summary Judgment

Under Rule 56, summary judgment is appropriate if the pleadings and materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. If the non-moving party will bear the burden of proof at trial as to an essential element of its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To withstand a motion for summary judgment, the non-moving party must show that there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Finally, if the factual context makes the non-moving party's claim implausible, the party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### B. Liability of Corporate Officers, Directors and Shareholders for Infringement by their Corporation

35 U.S.C. Section 271(b) provides that: [W]hoever actively induces infringement of a patent shall be liable as an infringer. Case law makes it clear that infringement of a patent does not require willful or deliberate attempts to infringe on the part of the infringer. For example, the Ninth

Circuit has stated that "[i]n determining the question of infringement, the desire or intent to infringe a patent is irrelevant." *Wilden Pump v. Pressed & Welded Products Co.*, 655 F.2d 984 (9th Cir.1981). However, the law has not been so clear regarding the circumstances in which a corporate officer will be found to have induced the infringement of a patent by his or her corporation pursuant to Section 271(b).

The Federal Circuit has indicated that a corporate director, officer or majority shareholder must have "knowingly" aided and abetted the direct infringement of his or her corporation in order to be liable for active inducement under Section 271(b). *Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed.Cir.1988), *cert. denied*, — U.S. —, 109 S.Ct. 498, 102 L.Ed.2d 534 (1988). However, the Federal Circuit has also held that, although proof of intent to aid or abet another's direct infringement is a prerequisite to finding active inducement under Section 271(b), direct proof of intent is not necessary, and circumstantial evidence may suffice. *Id.* at 668. In addition, exertion of control over a corporation's manufacture of infringing products is evidence of inducement of infringement, and "[i]ntent is a factual determination peculiarly within the province of the trier of fact." *Allen Organ Co. v. Kimball International, Inc.*, 839 F.2d 1556, 1557 (Fed.Cir.1988).

In *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565 (Fed.Cir.1986), the Federal Circuit stated that "it is well settled that corporate officers who actively aid and abet their corporation's infringement may be personally liable for inducing infringement under § 271(b) regardless of whether the corporation is the alter ego of the corporate officer." *Id.* at 1578–79. That court has further indicated that § 271(b) is to be read broadly, so as to include "corporate officials who actively aid and abet their corporation's infringement." *Power Lift, Inc. v. Lang Tools, Inc.*, 774 F.2d 478, 481 (Fed.Cir.1985). As examples, the court referred to a Fifth Circuit case which had found liability for active inducement where the corporate offi-

cial was "the moving force which resulted in the accused device[,]" *see White v. Mar-Bel, Inc.,* 509 F.2d 287, 292–93 (5th Cir. 1975), and to a Ninth Circuit case finding liability where the officer was the "moving, active conscious force" behind the corporation's infringement. *See International Manufacturing Co. v. Landon, Inc.,* 336 F.2d 723 (9th Cir.1964).

 The cases cited above indicate that there is ample support for the position that liability should be imposed on an individual officer for the infringements of his corporation when the individual is basically responsible for all the activities of the corporation. However, even if willfulness *were* a prerequisite to finding active inducement to infringe, the defendant still has not met his burden of showing that there is no genuine issue of material fact regarding his willfulness to induce infringement of the Lang patent.

Defendant argues that there is no affirmative duty to obtain the advice of counsel before engaging in activity that might be infringing, although he does assert that he obtained the advice of counsel before beginning utilization of the Pattridge Process. However, the Federal Circuit has held that "a duty exists to obtain competent legal advice before initiating possibly infringing action." *Rosemount, Inc. v. Beckman Instruments, Inc.,* 727 F.2d 1540, 1548 (Fed.Cir.1984), quoting *Underwater Devices Inc. v. Morrison–Knudsen Co. Inc.,* 717 F.2d 1380 (Fed.Cir.1983). Defendant asserts that he relied on the advice of counsel, the fact that a valid patent was obtained on the Pattridge System, and the *Pattridge* decision in engaging in the activity which was later found to have infringed the Lang patent. However, the advice upon which defendant relied was given by patent counsel for Pattridge. Alosi should not be automatically exonerated from joint liability for patent infringement by relying on the advice of counsel employed by a corporation having a substantial pecuniary interest in Alosi's utilization of the Pattridge Process. This Court finds that defendant's asserted reliance on counsel is not sufficient to meet his burden of show-ing that he did not actively induce his corporation to infringe the Lang patent.

### III. *Conclusion*

 The papers submitted in this case suggest that there is a genuine issue of material fact regarding the question of whether Alosi actively induced his corporation, CEC Systems, to infringe the Lang patent. The United States District Court for the Northern District of California has already ruled that CEC Systems infringed the patent. As president and sole shareholder of CEC Systems, Alosi was the individual responsible for making the everyday decisions of the corporation, and he was in complete control of the corporation. Since specific intent to infringe is not required to show that Alosi actively induced CEC Systems' infringement of the Lang patent under 35 U.S.C. Section 271(b), defendant has not met his burden of proof in establishing that he did not actively induce infringement of the Lang patent by CEC Systems. Accordingly, and good cause showing therefore, Defendant's motion for summary judgment is denied.

SO ORDERED.